IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LEONARDO ALVAREZ-FLORES,

                          Plaintiff,

                                              CIVIL ACTION
            vs.                               No. 05-3261-SAC

JAY SHELTON, et al.,

                          Defendants.


<u>ORDER</u>

    Plaintiff, a prisoner incarcerated in a Kansas correctional facility, proceeds pro se on a complaint filed under 42 U.S.C. § 1983. Plaintiff has paid the initial partial filing fee assessed by the court under 28 U.S.C. § 1915(b)(1) and is granted leave to proceed in forma pauperis.[1] Plaintiff remains obligated to pay the remainder of the $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2). Having reviewed the record, the court enters the following findings and order.

    In his original complaint (Doc. 1), plaintiff seeks damages based on allegations that timely and appropriate medical attention was denied for a broken ankle he sustained during a September 2004 softball game at the Norton Correctional Facility (NCF). Although plaintiff further alleged continuing medical mistreatment after his

_____

    [1]Plaintiff's motion for leave to pay the remainder of his initial partial filing fee out of time (Doc. 10) is granted.

transfer to the El Dorado Correctional Facility (EDCF), the complaint names only three NCF defendants:  Warden Shelton, Dr. Behar, and Officer Newland.

*Amended Complaint*

Upon payment of the remainder of the initial partial filing fee assessed by the court, 28 U.S.C. § 1915(b)(1), plaintiff filed an amended complaint (Doc. 7) to set forth specific Eighth Amendment claims and to assert violations of state law.  Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, plaintiff may amend his complaint "once as a matter of course" prior to defendants filing their response to the complaint.  Plaintiff's motion for an order (Doc. 10) to allow amendment of the complaint to correct the original complaint is rendered moot by plaintiff's filing of the amended complaint.

The amended complaint again names NCF Warden Shelton as a defendant, but no longer names Dr. Behar and Officer Newland as parties in the lawsuit.  The amended complaint also names four additional defendants: Secretary of Corrections Roger Weholtz, EDCF Warden Roberts, Correct Care Solutions (CCS), and Dr. Jones as a contract CCS physician providing medical care to EDCF prisoners. Pursuant to plaintiff's amended pleading, the court dismisses Dr. Behar and Officer Newland as defendants in this action.

*Motions for TRO and Preliminary Injunction*

With his amended complaint, plaintiff filed motions for a temporary restraining order and preliminary injunction (Docs. 8 and 9).  Plaintiff identifies Robert Murnahan as providing legal

2

assistance to plaintiff in this matter, and seeks an order to prevent the transfer of plaintiff or Murnahan to different facilities.

Such relief requires a showing that there is a substantial likelihood that the movant will prevail on the merits, that the movant will suffer irreparable harm unless the relief sought is granted, proof that the threatened harm outweighs any damage to the opposing party, and that the relief, if granted, would not be adverse to the public interest. Lundgrin v. Claytor, 619 F.2d 61, 63 (10th Cir. 1980). Having examined plaintiff's pleadings, the court finds these standards have not been satisfied. Plaintiff fails to persuasively identify any irreparable injury he might suffer in the absence of the relief sought, and the actions he seeks to deter clearly involve matters within the expertise of corrections officials. Finding no showing has been made that would entitle plaintiff to such extraordinary relief, see West v. Derby USD No. 260, 23 F.Supp.2d 1220, 1221-22 (D.Kan. 1998); Chemical Weapons Working Group Inc. v. United States Department of the Army, 111 F.3d 1485, 1489 (10th Cir. 1997), the court denies plaintiff's motions for a temporary restraining order and preliminary injunction.

*Motion for Service*

Plaintiff asks the court to order the clerk's office to issue summons for service with the amended complaint by the United States Marshal Service to defendants Werholtz, Shelton, and Roberts, with the costs of such service to be paid by these defendants because they refused plaintiff's requests for waiver of service of summons

in this matter (Docs. 12 and 23). Plaintiff provides executed waiver forms by CCS and Dr. Jones (Doc. 22), and documents his mailing of waiver forms to the remaining three defendants. (Doc. 23).

Pursuant to the Federal Rules of Civil Procedure the court is authorized to impose the costs for effecting service of summons if a defendant fails to comply with a plaintiff's request for waiver of service of summons, absent a showing of good cause for defendant's noncompliance. Fed.R.Civ.P. 4(d)(2). However, when a prisoner proceeds pro se and in forma pauperis in a civil action, it is the practice of this court is to direct the clerk's office to prepare summons and waiver of service of summons forms, and to order service of such process by the United States Marshal Service, only after the court has determined that cognizable claims exist to warrant service of the complaint. *See* 28 U.S.C. 1915A(a) and (b)(court to screen civil complaint filed by prisoner to identify cognizable claims and dismiss complaint or any portion thereof that is (1) frivolous, malicious or fails to state a claim, or (2) seeks damages from a defendant immune from such relief). Because the court finds plaintiff's allegations warrant a response from all defendants named in the amended complaint, the court will direct the clerk's office to issue waiver of service of summons form to defendants Werholtz, Shelton, and Roberts, with service of such process by the United States Marshal Service at no cost to plaintiff.

*Motions for an Order and Extension of Time*

The record includes a motion to dismiss filed by CCS (Doc. 14)

4

with a memorandum (Doc. 15) as later amended (Doc. 20).  Also in the
record is an answer (Doc. 16) filed by Dr. Jones to the amended
complaint.  Plaintiff seeks leave to file a consolidated response to
these pleadings, and to file his response out of time.  The court
denies plaintiff leave to file a consolidated response (Doc. 21)
because no consolidation is necessary.  The only pleading to which
a response from plaintiff is appropriate is CCS's motion to dismiss
as supported by its amended memorandum.[2]  No response to Dr. Jones'
answer is required.  Plaintiff's motion to file a response out of
time (Doc. 21) to CCS's motion to dismiss is granted.

   *CCS's Motion to Dismiss*

   CCS contends the amended complaint should be dismissed because
plaintiff has not exhausted administrative remedies.

   The Prison Litigation Reform Act, effective April 26, 1996,
mandates that "[n]o action shall be brought with respect to prison
conditions under section 1983 of this title, or any other Federal
law, by a prisoner confined in any jail, prison, or other

---

   [2]CCS's motion (Doc. 24) to strike plaintiff's motion for
consolidation and motion for extension of time is thus rendered
moot.
   Plaintiff's pro se motion for consolidation and an extension of
time is signed by plaintiff and includes Murnahan's signature as
having witnessed and prepared the pleading.  Murnahan, a non-
attorney inmate, is identified by plaintiff as a "jailhouse lawyer."
To the extent CCS seeks to strike plaintiff's motion because it
includes Murnahan's signature, the court advises all parties that
Murnahan is not entitled to represent plaintiff or to file pleadings
on plaintiff's behalf.  Plaintiff proceeds pro se in this matter,
and is the only plaintiff in this action.  Pleadings submitted that
contain plaintiff's signature will be considered for docketing.  Any
pleading submitted for filing in this matter that is signed only by
Murnahan will not be docketed.

correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Full and proper exhaustion of administrative remedies is required, <u>Jernigan v. Stuchell</u>, 304 F.3d 1030, 1032 (10th Cir. 2002), on all claims asserted in the complaint, <u>Ross v. County of Bernalillo</u>, 365 F.3d 1181 (10th Cir. 2004), irrespective of the relief sought and offered through administrative channels, <u>Booth v. Churner</u>, 531 U.S. 956 (2001).

In the instant case, plaintiff seeks relief under 42 U.S.C. § 1983 on the allegations that defendants violated his rights under both the eighth amendment and under state law. Plaintiff cites his exhaustion of administrative remedies concerning the denial of proper medical care for his injury, but states in his amended complaint that additional grievances have been filed and are still pending. CCS thus contends in its amended memorandum that plaintiff's action is premature and should be dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a). <i>See</i> <u>Fitzgerald v. Corrections Corp. of America</u>, 403 F.3d 1134, 1140-41 (10th Cir. 2005)(full exhaustion of administrative remedies is a precondition to a prisoner bringing litigation in a federal court, dismissal without prejudice is required if a litigant has not yet completed such exhaustion).

In response, plaintiff claims he has exhausted all available remedies on his federal claims through numerous prison grievances with appeals to the Kansas Secretary of Corrections. He argues he fully exhausted his administrative remedies prior to filing the

6

instant lawsuit, but continues to file administrative grievances regarding new and continuing claims of abuse and misconduct.

Having reviewed plaintiff's documentation, the court finds a prima facie showing of sufficient exhaustion of administrative remedies concerning the claims asserted in the amended complaint has been demonstrated to avoid dismissal of plaintiff's action pursuant to 42 U.S.C. § 1997e(a) at this time. CCS's motion to dismiss the amended complaint is denied.

*Plaintiff's Motion for Summary Judgment*

Plaintiff contends his allegations are sufficient to warrant summary judgment or judgment as a matter of law on all claims against all defendants (Docs. 22 and 25). The court finds these requests are premature at best, and denies plaintiff's motions without prejudice to plaintiff reasserting his legal claims after defendants Werholtz, Roberts, and Shelton have been served and the Martinez report requested by the court herein has been filed.

*Martinez Report to be Prepared and Filed*

Having reviewed the record, the court finds a proper and judicial processing of plaintiff's claims cannot be achieved without additional information from appropriate officials of the Department of Corrections of the State of Kansas. *See* Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978). *See also* Hall v. Bellmon, 935 F.2d 1106 (10th Cir. 1991).

IT IS THEREFORE ORDERED that plaintiff's motions for leave to proceed in forma pauperis (Docs. 2 and 3) are granted, and that collection of the remainder of the $350.00 district court filing fee

is to proceed pursuant to 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff's motion for an order (Doc. 10) to correct his original complaint is denied as moot, and that Dr. Behar and Officer Newland are dismissed from this action pursuant to plaintiff's failure to name these defendants in his amended complaint.

IT IS FURTHER ORDERED that plaintiff's motion for a temporary restraining order (Doc. 8) and motion for a preliminary injunction (Doc. 9) are denied.

IT IS FURTHER ORDERED that plaintiff's motions for service of summons and the amended complaint (Docs. 10, 12 and 23) to defendants Werholtz, Roberts, and Shelton are granted to the extent the clerk's office is directed to issue waiver of service of summons forms to these defendants, for service by the United States Marshal Service at no cost to plaintiff.

IT IS FURTHER ORDERED that plaintiff's motion for an order for leave to file a consolidated response (Doc. 21) is denied because no response to Dr. Jones' answer is required, and that plaintiff's motion to file a responsive pleading out of time (Doc. 21) to CCS's motion to dismiss is granted.  CCS's related motion to strike these pro se pleadings (Doc. 24) is denied as moot.

IT IS FURTHER ORDERED that CCS's motion to dismiss (Doc. 14), and plaintiff's motions for summary judgment (Docs. 21 and 25) are denied without prejudice.

IT IS FURTHER ORDERED that:

(1)  Officials responsible for the operation of the El Dorado

Correctional Facility are directed to undertake a review of the subject matter of plaintiff's amended complaint:

(a) to ascertain the facts and circumstances;

(b) to consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint;

(c) to determine whether other like complaints, whether pending in this court or elsewhere, are related to this complaint and should be considered together.

(2) Upon completion of the review, a written report shall be compiled which shall be filed with the court. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report.

(3) Authorization is granted to the officials of the Kansas Department of Corrections to interview all witnesses having knowledge of the facts, including the plaintiff.

(4) No further answer or motion addressed to the complaint shall be filed without leave of the court until the <u>Martinez</u> report has been prepared and filed no later than sixty (60) days from the date of this order, and an answer by all defendants other than answer already filed by defendant Jones shall be filed within twenty (20) days following the receipt of that report by counsel for defendants.

(5) Discovery by plaintiff shall not commence until plaintiff

9

has received and reviewed defendants' answer or response to the complaint and the report requested herein.  This action is exempted from the requirements imposed under Fed.R.Civ.P. 26(a) and 26(f).

(6)  The clerk of the court shall transmit copies of this order to plaintiff, to defendants, to the Secretary of Corrections of Kansas, to the Attorney General of the State of Kansas, and to the Finance Officer where plaintiff is currently confined.

IT IS FURTHER ORDERED the clerk of the court shall enter the Kansas Department of Corrections as an interested party on the docket for the limited purpose of preparing the Martinez report ordered herein.  Upon the filing of that report, the Department of Corrections may move for termination from this action.

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 20th day of October 2006 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge