DJW/sag

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LEONARDO ALVAREZ-FLORES,

          Plaintiff,

v.                                        Case No.  05-3261-CM-DJW

JAY SHELTON,
et al.,

          Defendants.

## **ORDER**

      This matter is before the Court on Plaintiff's second Motion for Leave to Amend Complaint (doc. 64).  Plaintiff seeks leave to amend his Amended Petition (doc. 7) filed on June 23, 2006 to remove several sections of that pleading.  As explained below, the motion is denied.

**I.**      **Procedural Posture**

      Plaintiff, proceeding *pro se*, filed his original Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (doc. 1) against Defendants Jay Shelton, Dr. Behar, and Sue Newland.  A year later, on June 23, 2006, Plaintiff sought leave to file his Amended Petition, which he then filed (doc. 7).  In addition to Defendant Shelton, who was named in the original Complaint, the Amended Petition added the following defendants:  Roger Werholtz, Ray Roberts, Correct Care Solutions, Dr. Jones, and John Doe defendants.  Defendant Correct Care Solutions filed an Answer to the Amended Complaint on November 2, 2006 (doc. 32).  Defendants Ray Roberts, Roger Werholtz, and Jay Shelton filed an Answer to the Amended Complaint on January 26, 2007 and a Motion for Summary Judgment on January 31, 2007 (docs. 45-46).  Plaintiff was granted until April 20, 2007 in which

to respond to the Motion for Summary Judgment. On May 4, 2007, District Judge Murguia issued a Show Cause Order (doc. 61) directing Plaintiff to show cause why Defendants' Motion for Summary Judgment should not be granted and directing Plaintiff to file a response to Defendant's motion by May 14, 2007. The Scheduling Order dated April 2, 2007 (doc. 52) set a May 15, 2007 deadline for all motions to join parties or otherwise amend the complaint. On May 15, 2007, Plaintiff filed a Motion for Extension of Time to File Response as to the Motion for Summary Judgment, as well as the Motion for Leave to Amend Complaint (docs. 63-64) currently pending before the Court. No party has filed any opposition to this Motion to Amend within the time permitted by D. Kan. R. 6.1(d)(a).

## II.     Standard for Ruling on Motions to Amend

Federal Rule of Civil Procedure 15(a) allows one amendment of the pleadings before a responsive pleading is served or within twenty days after service. Subsequent amendments are allowed "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."[1] "Refusing leave to amend is generally only justified upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party, or futility of amendment."[2] The court's decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.[3]

---

[1] Fed. R. Civ. P. 15(a).

[2] *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir.1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[3] *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452,1462 (10th Cir. 1991) (citations omitted).

### III. Discussion

Rule 15.1 of the Rules of Practice and Procedure for the District of Kansas requires that a motion to amend must have the proposed pleading attached.[4] Rather than attaching a new Second Amended Complaint to his motion, Plaintiff attached a copy of the Amended Petition that he filed on June 23, 2006 and provided detailed instructions as to which sections of the Amended Petition he wants stricken from that pleading. He further requests in this motion that the Court "consider and make all further decision[]s based on the information contained in the original civil right[]s complaint filed on June 4, 2005." Because Plaintiff references both his June 23, 2006 Amended Petition and his original June 4, 2005 Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, the Court is unclear as to the relief being sought by Plaintiff. Further complicating the matter is the fact that Plaintiff's Amended Complaint and his original Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 name different defendants, and the Motion for Summary Judgment (doc. 46), filed by defendants Roberts, Werholtz, and Shelton currently pending before the Court, is predicated upon Plaintiff's Amended Petition. The Court will therefore deny Plaintiff's motion without prejudice to refiling based on his failure to comply with D. Kan. Rule 15.1. Any future motions to leave to amend shall have attached a copy of the proposed pleading to be filed.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Amend Complaint (doc. 64) is denied without prejudice.

Copies of this Order shall be mailed to all counsel of record and any unrepresented parties, who do not receive e-mail notification.

---

[4] *See* D. Kan. Rule 15.1 ("a motion to amend . . . shall set forth a concise statement of the amendment . . . with the proposed pleading attached.").

IT IS SO ORDERED.

Dated this 6th day of June, 2007, at Kansas City, Kansas.

                                                s/ David J. Waxse  
                                                David J. Waxse  
                                                United States Magistrate Judge