# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**LEONARDO ALVAREZ-FLORES,**     )
                                 )
       **Plaintiff,**           )
                                 )
**v.**                           )
                                 )     No. 05-3261-CM
                                 )
**JAY SHELTON, et al.,**         )
                                 )
       **Defendants.**          )
                                 )

## MEMORANDUM AND ORDER

Plaintiff Leonardo Alvarez-Flores, a prisoner at the El Dorado Correctional Facility, brings this civil rights action *pro se*. Plaintiff claims that defendants—three officials with the Kansas Department of Corrections ("KDOC"); Correct Care Solutions; an orthopedic surgeon; and an unspecified number of John Does—violated his constitutional rights and Kansas law when they denied him adequate medical care. The three KDOC defendants moved for summary judgment (Doc. 46). After the court repeatedly granted plaintiff additional time to respond to the summary judgment motion, plaintiff responded on May 24, 2007. Because the court questioned whether plaintiff had filed his complete response, the court granted him additional time to supplement his pleading. The deadline for supplementing the pleading has passed, but plaintiff did not file additional papers. The court therefore considers defendants' motion based on plaintiff's concise response filed May 24, 2007.

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences

therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The court incorporates by reference the uncontroverted facts set out in defendants' motion. The court has reviewed the *Martinez* report, and finds that the facts are supported by the record. In short, the facts show that plaintiff injured his left ankle while playing softball on August 5, 2004. He first sought medical care on August 12, 2004. Since that time, he has repeatedly seen medical professionals, received various forms of medication and treatment, and undergone multiple surgeries. The KDOC defendants were not involved in the medical care decisions, but defendant Jay Shelton signed off on the report of plaintiff's first grievance and defendant Ray Roberts signed off on the second and third.

The first three counts in plaintiff's complaint state one cause of action: violation of plaintiff's Eighth Amendment rights as a result of the medical care that he received for his ankle. To succeed on an Eighth Amendment claim, a plaintiff must show that "the deprivation is sufficiently serious" and that prison officials acted with "deliberate indifference to inmate health or safety." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 809 (10th Cir. 1999). A prison official may act with deliberate indifference by "prevent[ing] an inmate from receiving treatment or deny[ing] him access to medical personnel capable of evaluating the need for treatment." *Sealock v. Colo.*, 218 F.3d 1205, 1211 (10th Cir. 2000).

The uncontroverted facts show that plaintiff was not actually prevented from receiving treatment or denied access to medical care. To the contrary, plaintiff saw medical personnel repeatedly and received a wide array of treatment over an extended period of time. There is no

evidence that he was denied access to treatment of any kind by KDOC staff.  Moreover, the record indicates that when defendants Shelton and Roberts were made aware of plaintiff's grievances, they investigated and determined that plaintiff was receiving adequate treatment.  "[A] prisoner who merely disagrees . . . [with] a prescribed course of treatment does not state a constitutional violation."  *Perkins*, 165 F.3d at 811.  "[T]he Eighth Amendment does not apply to claims based on inadvertent failure to provide adequate care, negligent misdiagnosis, or an inmate's difference of opinion with medical personnel regarding diagnosis or treatment . . . ."  *Clemmons v. Bohannon*, 956 F.2d 1523, 1529 (10th Cir. 1992) (citations omitted).  For these reasons, the court finds that the KDOC defendants are entitled to summary judgment on plaintiff's Eighth Amendment claim.

The court also finds that plaintiff's Kansas state law claim should be dismissed.  Plaintiff asserts a claim pursuant to Kan. Stat. Ann. § 21-3425, which is a criminal statute.  The State of Kansas prosecutes crimes, not private individuals.  *See* Kan. Stat. Ann. § 22-2104 ("All prosecutions for violations of the criminal laws of this state shall be in the name of the state of Kansas.").  In any event, because the record shows that the KDOC officials did not show plaintiff deliberate indifference, the record also shows that the officials did not engage in "intentional abuse, neglect, or ill treatment."

**IT IS THEREFORE ORDERED** that the Motion for Summary Judgment filed by defendants Werholtz, Shelton, and Roberts (Doc. 46) is granted.

Dated this 10th day of July 2007, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**