IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LEONARDO ALVAREZ-FLORES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) No. 05-3261-CM |
| | ) |
| **JAY SHELTON, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## MEMORANDUM AND ORDER

Plaintiff Leonardo Alvarez-Flores, a prisoner at the El Dorado Correctional Facility, brings this civil rights action *pro se*. Plaintiff claims that defendants—originally three officials with the Kansas Department of Corrections ("KDOC"); Correct Care Solutions; an orthopedic surgeon; and an unspecified number of John Does—violated his constitutional rights and Kansas law when they denied him adequate medical care. The court has already granted summary judgment for the three KDOC defendants. The case is now before the court on Defendant Correct Care Solutions' Motion for Summary Judgment (Doc. 76).

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

Plaintiff injured his left ankle while playing softball on August 5, 2004. At the time, plaintiff

was housed at the Norton Correctional Facility ("NCF").  He first sought medical care on August 12, 2004.  Since that time, he has repeatedly seen medical professionals, received various forms of medication and treatment, and undergone multiple surgeries.

The first three counts in plaintiff's complaint state one cause of action: violation of plaintiff's Eighth Amendment rights as a result of the medical care that he received for his ankle.  Plaintiff brings his claims pursuant to 42 U.S.C. § 1983.  To the extent that plaintiff brings his claims against Correct Care Solutions based on the actions of its employees, plaintiff's claim fails because § 1983 claims against corporate defendants may not be premised on principles of *respondeat superior*.  *Smedley v. Corrs. Corp. of Am.*, 175 Fed. App'x 943, 946 (10th Cir. 2005).

A private corporation performing a government function is liable under § 1983 only where a plaintiff shows "1) the existence of a . . . policy or custom, and 2) that there is a direct causal link between the policy or custom and the injury alleged."  *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993); *Smedley*, 175 Fed. App'x at 946 (applying § 1983 standards for municipal liability to a corporation performing a government function).  A policy is a formal statement by the private corporation.  *See Gates v. Unified School Dist. No. 449 of Leavenworth County, Kan.*, 996 F.2d 1035, 1041 (10th Cir. 1993).  A custom is a persistent, well-settled practice of unconstitutional misconduct by employees that is known and approved by the corporation.  *Id.*

Plaintiff fails to identify any official custom or policy that violated his constitutional rights.  The court has considered plaintiff's filings with the liberal construction afforded *pro se* parties, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), but "[a] party's pro se status does not relieve him from complying with the court's procedural requirements."  *Barnes v. United States*, 173 F. App'x 695, 697 (10th Cir. 2006) (citations omitted); *see also Santistevan v. Colo. Sch. of Mines*, 150 F. App'x

-3-

927, 931 (10th Cir. 2005) (holding that a *pro se* litigant must follow the same rules of procedure as other litigants). In his unsworn brief (Doc. 80), plaintiff alleges that "the Clinic Correct Care Solutions (NCF) was made aware of Plaintiff's serious medical problem[]s, [a]nd failed to take proper care in the treatment of Plaintiff." He also alleges that the medical personnel at NCF were negligent in allowing plaintiff to suffer with a broken foot and ankle. Neither these allegations nor any of the evidence submitted in support of plaintiff's position, however, suggest that defendant Correct Care Solutions had a policy or custom that caused plaintiff's injuries. Without a policy or custom, defendant Correct Care Solutions may not be held liable under § 1983. For this reason, the court finds that defendant Correct Care Solutions is entitled to summary judgment on plaintiff's Eighth Amendment claim.

As the court has previously held in this case, plaintiff's Kansas state law claim is also subject to dismissal. Plaintiff asserts a claim pursuant to Kan. Stat. Ann. § 21-3425, which is a criminal statute. The State of Kansas prosecutes crimes, not private individuals. *See* Kan. Stat. Ann. § 22-2104 ("All prosecutions for violations of the criminal laws of this state shall be in the name of the state of Kansas.").

As a final matter, the court notes that much of plaintiff's response to defendant Correct Care Solutions's summary judgment motion refers to the KDOC officials that the court has already dismissed from the case. In fact, plaintiff's certificate of service does not indicate that he mailed his response to the attorney for defendant Correct Care Solutions; it only shows that he mailed his response to the Assistant Attorney General, the attorney for the KDOC officials. To the extent that plaintiff intended his response to apply to the KDOC officials' summary judgment motion, his response is untimely. It was filed more than a month after the deadline the court gave plaintiff for filing additional papers to support his response to the KDOC officials' summary judgment motion

and nine days after the court ruled on the motion. In total, the court gave plaintiff more than four months to respond to the KDOC officials' motion.

Moreover, there is no indication in Doc. 80 that plaintiff intended it to serve as a Rule 59(e) motion regarding the court's ruling on the KDOC officials' summary judgment motion (Doc. 75). To the extent that Doc. 80 can be construed liberally as a motion to alter or amend, however, the court finds that plaintiff presents no intervening change in controlling law, availability of new evidence, or need to correct clear error or prevent manifest injustice. *See Marx v. Schnuck Mkts., Inc.*, 869 F. Supp. 895, 897 (D. Kan. 1994) (citations omitted); D. Kan. Rule 7.3 (listing three bases for reconsideration of order); *see also Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998) ("Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination.").

**IT IS THEREFORE ORDERED** that Defendant Correct Care Solutions' Motion for Summary Judgment (Doc. 76) is granted.

Dated this 23rd day of August 2007, at Kansas City, Kansas.

                                                     **s/ Carlos Murguia**
                                                   **CARLOS MURGUIA**
                                                   **United States District Judge**