# INTHE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LEONARDO ALVAREZ-FLORES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | No. 05-3261-CM |
| **JAY SHELTON, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Leonardo Alvarez-Flores, a prisoner at the El Dorado Correctional Facility, brings this civil rights action *pro se*. The court previously granted summary judgment for several defendants. Plaintiff's remaining claim is that defendant Dr. Jay Stanley Jones violated his constitutional rights when he denied plaintiff adequate medical care. The case is now before the court on Defendant Jay Stanley Jones, M.D.'s Motion for Summary Judgment (Doc. 85).

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

Defendant submitted a statement of uncontroverted facts in support of his motion for summary judgment. Plaintiff's response, which was untimely, fails to controvert defendant's factual statement or properly support a factual statement of plaintiff's own. Plaintiff's response brief is unsigned, unverified, and contains few—if any—proper citations to the record. The court

recognizes that plaintiff proceeds *pro se* and accordingly has afforded him some leniency and construed his papers liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But "[a] party's pro se status does not relieve him from complying with the court's procedural requirements." *Barnes v. United States*, 173 F. App'x 695, 697 (10th Cir. 2006) (citations omitted); *see also Santistevan v. Colo. Sch. of Mines*, 150 F. App'x 927, 931 (10th Cir. 2005) (holding that a pro se litigant must follow the same rules of procedure as other litigants). "'[U]nsupported conclusory allegations . . . do not create a genuine issue of fact.'" *Annett v. Univ. of Kan.*, 371 F.3d 1233, 1237 (10th Cir. 2004) (citation omitted).

The court has reviewed defendant's factual allegations and finds them supported by the record. Allegations relevant to the disposition of the instant motion are as follows: Plaintiff injured his left ankle while playing softball on August 5, 2004. At the time, plaintiff was housed at the Norton Correctional Facility. He first sought medical care on August 12, 2004. Since that time, he has repeatedly seen defendant and other medical professionals, received various forms of medication and treatment, and undergone multiple surgeries.

Defendant is a medical professional who contracts with the Kansas Department of Corrections to provide medical care. Defendant performed three surgeries on plaintiff's ankle. Plaintiff has not designated any medical expert opinion that the medical care that defendant provided was inadequate or improper. Rather, plaintiff makes numerous unsupported statements in his brief that defendant did not take proper care of him. Defendant, on the other hand, submitted an affidavit signed by Dr. Randall Lais, an orthopedic surgeon, who states that the care that defendant provided plaintiff was typical of the care that any orthopedic surgeon might provide in a similar situation. Defendant also submitted an affidavit signed by Dr. Kent Heady, who treated plaintiff after

Case 5:05-cv-03261-CM   Document 108   Filed 02/15/08   Page 3 of 4

-3-

defendant. Plaintiff represents in his filings (unsupported by any evidence) that Dr. Heady told him that defendant "botched" plaintiff's surgeries. Dr. Heady denies this.

Plaintiff brings an Eighth Amendment claim against defendant pursuant to 42 U.S.C. § 1983 under several theories. To be liable under any of plaintiff's theories, defendant must have shown deliberate indifference to plaintiff's serious medical needs by failing to treat plaintiff's serious condition properly. *Sealock v. Colorado*, 218 F.3d 1205, 1211 (10th Cir. 2000).

> [I]n the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

*Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976).

This case lacks any evidence that defendant acted with deliberate indifference to plaintiff's medical needs. Although plaintiff may disagree with defendant's course of treatment, disagreement does not support an Eighth Amendment claim. The uncontroverted evidence before the court shows that defendant pursued a reasonable treatment plan under the circumstances and that plaintiff is not entitled to relief on his constitutional claim. To the extent that plaintiff claims that defendant unconstitutionally battered or assaulted him, plaintiff's claim is not viable in light of defendant's evidence that his actions were warranted and appropriate. Regardless of how plaintiff characterizes his Eighth Amendment claim, defendant's evidence that the treatment plan was reasonable negates plaintiff's unsupported allegations that defendant acted with deliberate indifference.

**IT IS THEREFORE ORDERED** that Defendant Jay Stanley Jones, M.D.'s Motion for

Summary Judgment (Doc. 85) is granted.

Dated this 15th day of February 2008, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**

-4-